[Cite as *State ex rel. Montgomery v. Ruckman*, 2026-Ohio-2671.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## JEFFERSON COUNTY

STATE EX REL. BRANDON MONTGOMERY,

Petitioner,

v.

JUDY RUCKMAN,

Respondent.

---

### OPINION AND JUDGMENT ENTRY
### Case No. 25 JE 0024

---

Writ of Mandamus

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Writ of Mandamus Denied.

---

*Atty. Andrew S. Lock*, Green Haines Sgambati Co., LPA, for Petitioner and

*Atty. Andrea K.* Ziarko, *Atty. Gregory A. Beck*, Baker, Dublikar, Beck, Wiley & Mathews, for Respondent.

Dated**:** July 8, 2026

**PER CURIAM.**

{¶1} Petitioner Brandon Montgomery ("Montgomery"), the Fire Chief of the Village of Mingo Junction, commenced this original action seeking a writ of mandamus to compel Respondent Judy Ruckman ("Ruckman"), the Mayor of the Village of Mingo Junction, to comply with the statutory procedures for removing a fire chief under R.C. 733.35 through 733.39, to reinstate him to his position on paid administrative leave, and to provide back pay. Before us are cross-motions for summary judgment.

{¶2} Mandamus is an extraordinary remedy, and Montgomery, as the party seeking the writ, bears the burden of establishing, by clear and convincing evidence, a clear legal right to the relief he requests and a corresponding clear legal duty on Ruckman's part to provide it. He has not carried that burden. As to his pleaded statutory claim, the competent evidence establishes that the R.C. 733.36 procedure has been performed and the relief sought through that procedure has been granted; no unperformed duty remains to compel, and the claim is moot. As to a CBA-based ground he advances for the first time in his summary judgment briefing, that ground was not pleaded in the complaint, was not added through a supplemental pleading under Civ.R. 15(E), and is, in any event, not supported by competent Civ.R. 56 evidence. Montgomery's motion for summary judgment is therefore denied, and the writ is denied. Because the undisputed evidence establishes that the statutory claim is moot, Ruckman is entitled to judgment as a matter of law on that claim, and her cross-motion for summary judgment is granted as to the statutory claim; the CBA-based ground is not properly before the court, and the court does not reach it.

## I. STATEMENT OF THE CASE

{¶3} On May 29, 2025, Montgomery filed a complaint for a writ of mandamus in this court under Mahoning County Court of Appeals Case No. 25 MA 0053. The complaint alleged that Ruckman terminated Montgomery as Fire Chief without complying with the removal procedures set forth in R.C. 733.35 through 733.39 and sought an order compelling Ruckman to reinstate Montgomery on paid administrative leave, to comply with the statutory removal procedures, and to provide back pay. Ruckman filed her answer, and the parties subsequently moved jointly to stay the proceedings to pursue

mediation. The court granted the stay; mediation was unsuccessful, and the stay was lifted.

{¶4} In early September 2025, Montgomery moved to correct the county designation in the case caption and this court granted the motion and addressed related administrative matters. The case was thereafter transferred to this court under Jefferson County Court of Appeals Case No. 25 JE 0024.

{¶5} Montgomery filed his motion for summary judgment on November 10, 2025. On November 26, 2025, Ruckman filed a combined response in opposition and cross-motion for summary judgment. The parties jointly moved for leave to file a reply brief, which the court granted, and Montgomery filed his reply on February 18, 2026. The cross-motions are now ripe for decision.

## II. STATEMENT OF FACTS

{¶6} The following facts are drawn from the docket and from the Civ.R. 56 evidence properly before the court, as set forth in Section III.B below. Background context drawn from the parties' filings is included where useful, but the material factual findings on which the disposition rests are limited to facts established by competent Civ.R. 56 evidence.

### A. Background

{¶7} Montgomery serves as Fire Chief of the Village of Mingo Junction Fire Department. He is a member of the Mingo Junction Career Firefighters Local No. 3714. The parties agree that his employment is governed by a collective bargaining agreement between the union and the Village (the "CBA").

{¶8} In June 2024, Montgomery was placed on paid administrative leave pending the outcome of a personnel investigation into allegations of sexual misconduct toward subordinates. The investigation was referred to the Ohio Bureau of Criminal Investigation, which resulted in a felony indictment on April 30, 2025. *State v. Montgomery*, Jefferson C.P. No. 25CR00039. The criminal case remains ongoing.

{¶9} In December 2024, Ruckman issued a letter to Montgomery seeking his voluntary resignation and including charges that she intended to present to the Village Council. The charges included engaging in inappropriate and unprofessional behavior,

bringing disrepute upon the Fire Department, and illegal audio recording with personal cameras.  The charges were formally presented to the Village Council in January 2025.

**B. Termination and the Village Council's Response**

**{¶10}**  In February 2025, Ruckman notified Montgomery that his employment was terminated.  Montgomery's complaint alleges that Ruckman did not file charges with the Village Council as required by R.C. 733.35 before terminating him.  Montgomery filed a grievance under the CBA's grievance procedure.  The complaint alleges that Ruckman failed to respond to the grievance within the time required by the CBA, resulting in the grievance being sustained in his favor by default under Article 32, Section E(4).  Ruckman's answer denies that Montgomery successfully filed a grievance.

**{¶11}**  Montgomery's complaint further alleges that, in late February 2025, the Village Council addressed his termination, objected to it, and voted that Montgomery remain on administrative leave, requiring Ruckman to follow the statutory removal procedures under R.C. 733.35 through 733.39.

**C. The R.C. 733.36 Hearing and the Council's September 15, 2025 Resolution**

**{¶12}**  On September 15, 2025, the Village Council held a special meeting to hear the charges.  Following the hearing, the Council voted three to two in favor of reinstating Montgomery as Fire Chief, effective immediately, and ordered that he receive all back wages and license stipends. (Peeler Aff. ¶ 3-5 & Ex. A; Fitzgerald Aff. ¶ 3-4.)  The September 15, 2025 meeting minutes, authenticated by the affidavit of Councilman Adam Peeler, confirm the vote and identify the council members voting in favor (Councilwoman Jodilynn Fitzgerald, Councilman Adam Peeler, and Councilman Jack Brettell) and against (Councilwoman Patti Mannarino and Councilman Mark Baker). (Peeler Aff. Ex. A.)

**{¶13}**  The Council's September 15, 2025 resolution addressed all three forms of relief Montgomery sought through this mandamus action: it gave effect to the R.C. 733.35 through 733.39 procedure, it reinstated Montgomery as Fire Chief, and it ordered the payment of all back wages and license stipends.  Montgomery represents in his motion that he was thereafter placed back on paid administrative leave in light of the pending felony indictment, and represents in his reply that he has not received the back pay the Council ordered.  Whether Montgomery has in fact received the back pay or has otherwise

obtained the benefit of the Council's September 15, 2025 resolution is not established by competent Civ.R. 56 evidence and is not necessary to the disposition.

### D. The November 3, 2025 Unpaid Leave Decision and Subsequent Events

{¶14} Montgomery's motion for summary judgment asserts that on November 3, 2025, Ruckman placed him on unpaid leave (while maintaining his benefits) on the ground that it was not sustainable for the Village to continue paying his full salary while ensuring that the Fire Department remained properly managed and staffed. Montgomery contends that this action violates Article 33, Section I of the CBA, which provides: "Any employee charged with or under indictment for a felony that is not disciplined or discharged by the employer, shall be place [sic] on a leave of absence with pay until resolution of the court proceedings." (Pet'r's Mot. Summ. J. at 4 & Ex. 1, Art. 33, § I.)

{¶15} In his reply brief, Montgomery represents that, after being placed on unpaid leave, he filed a grievance under the CBA, that Ruckman directed him to contact her attorney, that he advanced the grievance to the next step by contacting Village Council, and that Council held a special meeting on December 2, 2025 to address the grievance. (Pet'r's Reply at 3 & Exs. A, B, C.) Whether and how the Council resolved the grievance at that December 2, 2025 meeting is not established by any competent evidence in the record, as discussed below.

### III. ANALYSIS

### A. Mandamus and Summary Judgment Standards

{¶16} This court has original jurisdiction to hear mandamus actions under Article IV, Section 3(B)(1) of the Ohio Constitution and R.C. 2731.02. To be entitled to a writ of mandamus, the petitioner must establish (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of law. *State ex rel. King v. Fleegle*, 2020-Ohio-3302, ¶ 5. Mandamus is an extraordinary remedy, and the burden is on the petitioner to establish entitlement to the writ, which the relator must prove by clear and convincing evidence. *State ex rel. Manley v. Walsh*, 2014-Ohio-4563, ¶ 18.

{¶17} A motion for summary judgment is properly granted when the court, viewing the evidence in the light most favorable to the nonmoving party, determines that there is

no genuine issue as to any material fact, that the moving party is entitled to judgment as a matter of law, and that reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *Schlegel v. Summit Cty.*, 2024-Ohio-5678, ¶ 16. The moving party bears the initial burden of informing the court of the basis for the motion and identifying those portions of the record demonstrating the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Once that burden is met, the nonmoving party has a reciprocal burden to set forth specific facts showing that a genuine issue of material fact remains. Civ.R. 56(E). When assessing cross-motions for summary judgment, each motion must be considered individually and separately, construing the evidence most strongly in favor of the party against whom the motion under consideration was filed. If neither movant is so entitled, both motions must be denied. *Tatum v. Dawson*, 2023-Ohio-1746, ¶ 5 (7th Dist.).

## B. The Competent Summary Judgment Evidence

**{¶18}** The cross-motions turn substantially on what evidence is properly before the court, so we begin by identifying the universe of competent Civ.R. 56 evidence and the principles that govern its admission. Civ.R. 56(C) identifies the categories of materials a court may consider on summary judgment: pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact. The proper procedure for introducing evidentiary matter not specifically authorized by Civ.R. 56(C) is to incorporate it by reference in a properly framed affidavit pursuant to Civ.R. 56(E). *Miller v. Rice Drilling D L.L.C.*, 2023-Ohio-3588, ¶ 102 (7th Dist.), quoting *Douglass v. Salem Community Hosp.*, 2003-Ohio-4006, ¶ 25 (7th Dist.). An affidavit, in turn, must be made on the personal knowledge of the affiant, must set forth facts that would be admissible in evidence, and must affirmatively show that the affiant is competent to testify to the matters stated. Civ.R. 56(E). It is well settled that unauthenticated documents which are not sworn, certified, or authenticated by way of affidavit have no evidentiary value and may not be considered by the court in ruling on a motion for summary judgment. *Miller* at ¶ 102.

**{¶19}** The competent Civ.R. 56 evidence in Montgomery's submissions consists of two affidavits and one set of authenticated minutes. The affidavit of Adam Peeler, a member of the Village Council, is properly notarized and attests on personal knowledge

to his presence at the September 15, 2025 special meeting and to the Council's three-to-two vote to reinstate Montgomery and pay all back wages and license stipends. (Peeler Aff. ¶ 1-5.) The Peeler affidavit also attests that the September 15, 2025 meeting minutes attached as Exhibit A to the affidavit are a true and accurate copy of those minutes. (Peeler Aff. ¶ 5.) The minutes are accordingly authenticated and are themselves competent evidence. The affidavit of Jodilynn Fitzgerald, the President Pro Tempore of the Village Council, is properly notarized and attests on personal knowledge to her presence at the September 15, 2025 special meeting and to the Council's vote. (Fitzgerald Aff. ¶ 1-4.) The Fitzgerald affidavit does not authenticate any document.

{¶20} Montgomery's verified complaint counts as a pleading but does not function as substantive Civ.R. 56 evidence on contested facts. Montgomery's complaint is signed under oath and notarized; it is, in form, a verified complaint. As a pleading, it is properly part of the record under Civ.R. 56(C). *Miller v. Blume*, 2013-Ohio-5290, ¶ 27 (7th Dist.). Sworn pleadings may also constitute evidence for purposes of Civ.R. 56. *State ex rel. Spencer v. East Liverpool Planning Comm.*, 80 Ohio St.3d 297, 298 (1997). The averments in a verified complaint, however, are accepted as evidence only to the extent that, like an affidavit, they present matters within the personal knowledge of the affiant. *Miller v. Blume* at ¶ 30; *Columbus v. Bahgat*, 2011-Ohio-3315, ¶ 15 (10th Dist.); *Brunner Firm Co., L.P.A. v. Bussard*, 2008-Ohio-4684, ¶ 14 (10th Dist.). The verification of Montgomery's complaint states that he "know[s] that all of the allegations of which I have personal knowledge are true" and that he "believe[s] the allegations of which I do not have personal knowledge to be true based on information and belief." The verification does not identify which allegations fall into which category. A verification in this form does not, on its face, "affirmatively show that the affiant is competent to testify to the matters stated," as Civ.R. 56(E) requires of affidavits, because the court cannot determine from the verification language which specific factual allegations rest on personal knowledge. Montgomery's verified complaint is therefore properly considered as a pleading for purposes of identifying the claims raised, the relief sought, and the matters admitted by the responsive pleading; it is not credited as substantive Civ.R. 56 evidence of contested facts.

### C. Petitioner's Motion for Summary Judgment

**{¶21}** Montgomery's motion seeks summary judgment on two distinct grounds for relief: first, the statutory ground originally pleaded in the complaint, premised on Ruckman's alleged failure to comply with R.C. 733.35 through 733.39 in connection with the February 2025 termination; and second, a CBA-based ground premised on Article 33, Section I of the CBA, which arises from Ruckman's November 3, 2025 placement of Montgomery on unpaid leave. We address each in turn.

**{¶22}** As to the statutory ground, the competent Civ.R. 56 evidence establishes that the Village Council held a hearing on the charges on September 15, 2025 and voted three to two to reinstate Montgomery as Fire Chief with back wages and license stipends. (Peeler Aff. ¶ 3-5 & Ex. A; Fitzgerald Aff. ¶ 3-4.) The Council's resolution addressed all three forms of relief Montgomery sought through this mandamus action: it gave effect to the R.C. 733.35 through 733.39 procedure, it ordered his reinstatement, and it directed payment of all back wages and license stipends. The statutory removal procedure that Montgomery sought to compel has been performed. Charges were filed with the legislative authority, a hearing was conducted, and the Council rendered its determination.

**{¶23}** A petitioner cannot establish a clear legal right to a writ, or a clear legal duty to be compelled, where the duty has already been discharged. Mandamus will not compel the performance of a duty that has already been performed. *State ex rel. Rose v. McGinty*, 2009-Ohio-4050, ¶ 2. For the same reason, the pleaded statutory claim is moot. Courts decide actual controversies and refrain from rendering advisory opinions on moot questions. *State ex rel. Wise v. Vavra*, 2025-Ohio-4805, ¶ 11 (7th Dist.), citing *State ex rel. Grendell v. Geauga Cty. Bd. of Commrs.*, 2022-Ohio-2833, ¶ 9. When a mandamus claim becomes moot, the correct disposition is to deny the writ rather than dismiss the case. *State ex rel. Ames v. Concord Twp. Bd. of Trustees*, 2025-Ohio-1027, ¶ 33. Although an event that renders a case moot may be proved by extrinsic evidence outside the record, *State ex rel. Ames v. Summit Cty. Court of Common Pleas*, 2020-Ohio-354, ¶ 5, the mootness here is established by Montgomery's own competent evidence, and no further factual development could permit issuance of a writ compelling the already-completed statutory procedure. Montgomery has not established a clear legal duty on

the part of Ruckman that remains unperformed. His motion fails on the statutory ground, and that claim is moot.

{¶24} The scope of this ruling is bounded by what the originally pleaded action sought. Montgomery's complaint sought to compel Ruckman to comply with R.C. 733.35 through 733.39, to reinstate him, and to provide back pay through the statutory procedure. That procedure has been performed and the Council has issued its determination. To the extent Montgomery's reply suggests that the Council's directives have not been fully implemented, any claim to compel implementation, as distinct from compelling the statutory procedure itself, would depend on duties that may run to officers other than the Mayor. The Mayor's role under R.C. 733.35 through 733.39 is to file charges with the legislative authority and allow that body to hear and determine them. Once the legislative authority has rendered its determination, the Mayor's duty under those provisions is discharged. Whether other Village officers have failed to give effect to the Council's resolution is a different question, dependent on different duties, against potentially different respondents, and is not pleaded in this action. The court therefore expresses no opinion on whether or how such a claim might be pursued.

{¶25} As to the CBA-based ground, Montgomery's complaint, filed May 29, 2025, referenced the CBA in connection with his February 2025 grievance and sought reinstatement and back pay as remedies for Ruckman's alleged failure to follow the statutory removal procedures of R.C. 733.35 through 733.39. The complaint did not, however, assert the distinct Article 33, Section I theory advanced in Montgomery's summary judgment motion—that Ruckman's November 3, 2025 placement of him on unpaid leave entitles him to paid leave during the pendency of the felony indictment. That theory depends on events that occurred more than five months after the complaint was filed and required a supplemental pleading under Civ.R. 15(E). Montgomery never sought leave to file such a pleading. *See* Civ.R. 15(E) ("Upon motion of a party the court may, upon reasonable notice, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented."). *See State ex rel. Grendell v. Davidson*, 86 Ohio St.3d 629, 631-632 (1999) (recognizing that Civ.R. 15(E) applies in original actions and

is the proper vehicle for adding claims based on events that postdate the original complaint).

**{¶26}** A party cannot raise a new theory or ground for relief for the first time in summary judgment briefing. *Barnes v. Reserve Energy Exploration*, 2016-Ohio-4805, ¶ 24-25 (7th Dist.); *accord State ex rel. Ames v. Vermilion Local School Dist. Bd. of Edn.*, 2026-Ohio-893, ¶ 48-52 (6th Dist.) (relator could not expand his theory through summary judgment briefing where the new theory was not pleaded in the complaint). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Civ.R. 8(A). The pleading rules exist fundamentally to give the opposing party fair notice of the nature of the action; allegations raised for the first time in motion practice deprive the opposing party of the notice and opportunity to respond that the rules require. *Barnes* at ¶ 25. Where a contention has not been raised in the complaint, "[it] is not a claim that can be addressed on summary judgment or appeal, since a claim cannot be raised in a brief." *Akron Hydroelectric Co. v. Cuyahoga Falls*, 128 Ohio App.3d 754, 759 (9th Dist. 1998); *accord Cachat v. IQS, Inc.*, 2011-Ohio-3057, ¶ 17 (8th Dist.); *Williams v. Time Warner Cable*, 1998 WL 332937, *2, fn. 3 (9th Dist. June 24, 1998).

**{¶27}** Because the CBA-based theory was not pleaded in the complaint, was not added through a supplemental pleading under Civ.R. 15(E), and was raised for the first time in Montgomery's summary judgment briefing, the court does not consider it on its merits. Considering post-filing events for purposes of mootness analysis is not the same as permitting a party to add a new affirmative claim through summary judgment briefing. The former is a function of the court's obligation to adjudicate live controversies; the latter would circumvent the notice and pleading requirements of the Civil Rules.

**{¶28}** An independently sufficient evidentiary defect leads to the same result. The documents Montgomery offers in support of the CBA-based theory are not competent Civ.R. 56 evidence. The collective bargaining agreement attached as Exhibit 1 to his motion is submitted without any authenticating affidavit. The signature lines on the document's final page are blank. Even if the document bore executed signatures, that fact would not make it self-authenticating or otherwise relieve Montgomery of the obligation to authenticate it through affidavit. Civ.R. 56(C) does not enumerate signed contracts among the categories of competent evidence, and Evid.R. 902 does not

enumerate contracts of any kind among its categories of self-authenticating documents. The CBA is therefore not within any of the categories enumerated in Civ.R. 56(C). *State ex rel. Bradford v. Bowen*, 2022-Ohio-351, ¶ 9-11; *accord Miller v. Rice Drilling D L.L.C.*, 2023-Ohio-3588, ¶ 102 (7th Dist.). The September 15, 2025 minutes appear a second time as Exhibit 2 to the motion, but at that location they are submitted without any authenticating affidavit; they are competent evidence only in the form attached to the Peeler affidavit.

{¶29} Exhibit 3 is a printed news article from a local news website. A news article is not within the categories enumerated in Civ.R. 56(C), is "hearsay of the remotest character," and is not competent evidence on a motion for summary judgment. *State ex rel. Miller v. Cuyahoga Cty. Bd. of Elections*, 2004-Ohio-5532, ¶ 15, quoting *Heyman v. Bellevue*, 91 Ohio App. 321, 326 (6th Dist. 1951); *State ex rel. Am. Civ. Liberties Union of Ohio, Inc. v. Cuyahoga Cty. Bd. of Commrs.*, 2011-Ohio-625, ¶ 30; *accord State ex rel. Citizens for Responsible Green Govt. v. Green*, 2018-Ohio-3489, ¶ 19, fn. 2. Exhibit 4 consists of additional pages of the CBA and is unauthenticated for the same reasons as Exhibit 1. Exhibit 5, the November 3, 2025 letter from Ruckman placing Montgomery on unpaid leave, is submitted without any authenticating affidavit; it bears Ruckman's signature on its face but has not been authenticated through any affidavit and does not fall within any Civ.R. 56(C) category. Nor are these materials self-authenticating under Evid.R. 902. The CBA, the news article, and the November 3 letter are not certified public records, are not under official seal, and do not otherwise satisfy any of the categories enumerated in Evid.R. 902. A party invoking Evid.R. 902 bears the burden of showing the document satisfies the specific requirements of the asserted subsection. *Bradford* at ¶ 11.

{¶30} Montgomery's reply brief attaches three exhibits: Exhibit A (a November 10, 2025 letter from Ruckman responding to a grievance form by directing Montgomery to her attorney); Exhibit B (a November 14, 2025 letter from Montgomery to Village Council members advancing his grievance); and Exhibit C (a "Notice of Special Meeting" announcing a December 2, 2025 Council meeting to address Montgomery's grievance). None of the three reply exhibits is accompanied by an authenticating affidavit. None falls

within the categories enumerated in Civ.R. 56(C). They are therefore not competent evidence. *Miller v. Rice Drilling D L.L.C.* at ¶ 102.

{¶31} A separate evidentiary problem affects Reply Exhibit C. Montgomery represents in his reply that the Village Council voted on December 2, 2025 to place him on paid leave and to award him back pay. (Pet'r's Reply at 3.) Reply Exhibit C, however, is only the notice of the December 2, 2025 special meeting. It is not the minutes of that meeting, nor a resolution adopted at that meeting, nor any other record showing how the Council voted. Even if the notice itself were authenticated, the document does not establish the underlying fact for which it is offered.

{¶32} Even if the CBA-based theory were properly before the court, the record contains no competent evidence establishing the factual predicates for that theory: the existence and terms of the specific Article 33, Section I provision on which Montgomery relies, the fact and circumstances of the November 3, 2025 placement on unpaid leave, and the assertion that the Council voted on December 2, 2025 to restore Montgomery to paid leave. The only competent Civ.R. 56 evidence in the record, the Peeler affidavit, the Fitzgerald affidavit, and the September 15, 2025 minutes attached to the Peeler affidavit, addresses only the September 15, 2025 hearing and vote. It does not and cannot establish facts about the November 3 unpaid leave decision, the contents of any CBA provision, or the December 2 special meeting on which the CBA-based theory depends. On this independent ground as well, and on this record alone, Montgomery's motion fails as to the CBA-based theory.

{¶33} The pleading problem is not merely formal. The structural reason these post-September 15 events cannot be folded into the action originally pleaded is that the Council's September 15, 2025 vote could not have addressed events that had not yet occurred. The Council acted on the charges then before it, and its determination is bounded by that record. The November 3, 2025 unpaid-leave decision postdated the Council's vote by more than six weeks, and the December 2, 2025 special meeting postdated it by more than ten weeks. Whatever obligations Article 33, Section I may impose on Ruckman as a consequence of those later events present a different controversy, on a different theory, requiring a properly pleaded claim and a properly developed evidentiary record.

**D. Respondent's Cross-Motion for Summary Judgment**

**{¶34}** Ruckman's cross-motion for summary judgment is directed to the statutory claim and rests on the proposition that the claim became moot once the Village Council heard the charges and rendered its determination. For the reasons explained above, that proposition is correct: the competent Civ.R. 56 evidence in the record establishes that the R.C. 733.35 through 733.39 procedure has been performed, and the statutory claim is therefore moot. A moot claim furnishes no basis on which the writ could issue, and the respondent is entitled to judgment as a matter of law. Ruckman's cross-motion is accordingly granted as to the statutory claim.

**{¶35}** Ruckman's own submission does not alter this conclusion. Her cross-motion is supported by a single attachment, a three-page document titled "Affidavit of Judy Ruckman," but the document is unsigned: the signature line above her typed name is blank, the jurat is incomplete, and no notarial seal appears. An unsigned and unsworn writing is not an affidavit, R.C. 2319.02, and it therefore has no evidentiary value. *Miller* at ¶ 102. The ten exhibits the document references are not attached to her filing in any event. The mootness of the statutory claim does not depend on Ruckman's submission, however; it is established by the competent evidence properly before the court, the Peeler affidavit and the authenticated September 15, 2025 minutes, which the court considers in ruling on either motion. A party moving for summary judgment may carry its burden by pointing to evidence of the type listed in Civ.R. 56(C) in the record. *Dresher* at 293. The deficiency in Ruckman's filing thus does not bar entry of judgment in her favor on the statutory claim.

**{¶36}** Ruckman's cross-motion does not reach the CBA-based ground. As explained in Section III.C, that ground arises from events that postdate the complaint, was never pleaded, and is not properly before the court. The court therefore enters judgment for neither party on the CBA-based ground, and does not reach it. The grant of Ruckman's cross-motion is limited to the statutory claim, and the writ is denied because Montgomery has not carried his burden of establishing entitlement to mandamus.

**IV. CONCLUSION**

**{¶37}** For the reasons set forth above, Montgomery has not established his entitlement to a writ of mandamus, and his motion for summary judgment is denied. As

Case No. 25 JE 0024

to the pleaded statutory claim, the competent evidence establishes that the R.C. 733.35 through 733.39 procedure has already been performed and the relief sought through it has been granted by the Village Council; the claim is moot, and Ruckman is entitled to judgment as a matter of law on it.  Ruckman's cross-motion for summary judgment is therefore granted as to the statutory claim.  As to the CBA-based ground, that ground was not pleaded in the complaint, was not added through a supplemental pleading under Civ.R. 15(E), and is not supported by competent evidence; it is not properly before the court, and the court does not reach it.  The writ is denied.  Nothing in this opinion adjudicates whether Montgomery may pursue a separate, properly pleaded claim to enforce the Council's September 15, 2025 resolution or to address any obligation arising from later events.

{¶38}  Petitioner's motion for summary judgment is DENIED.  Respondent's cross-motion for summary judgment is GRANTED as to the statutory claim under R.C. 733.35 through 733.39.  The court does not reach the collective-bargaining-agreement claim, which is not properly before it.  Writ DENIED.  Costs taxed against Petitioner.  Final order. The clerk of courts is directed to serve upon all parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

**JUDGE CAROL ANN ROBB**

**JUDGE CHERYL L. WAITE**

**JUDGE KATELYN DICKEY**